UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ROBERT GEORGE HOLDER**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:10CV-P512-H**

**LOUIS LAWSON** *et al.*                                                    **DEFENDANTS**

## MEMORANDUM OPINION

### I.

Plaintiff, Robert George Holder, a convicted inmate currently incarcerated at the Hardin County Detention Center (HCDC), filed this 42 U.S.C. § 1983 action against Jailer Louis Lawson and Head Nurse Brenda Brown. Plaintiff alleges that he suffers from Crohn's disease and ulcerative colitis. He claims that both diseases require on-going treatment, but that Defendant Brown refuses to provide treatment to him in violation of his Eighth Amendment rights. Plaintiff sues Defendant Lawson in his official capacity and Defendant Brown in both her individual and official capacities. He is seeking money damages and injunctive relief.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The Court will now proceed to conduct the required review of Plaintiff's complaint. After doing so, for the reasons set forth below, the Court will dismiss Plaintiff's official-capacity claims, but will allow Plaintiff's individual-capacity claim against Defendant Brown to proceed

for further development.

## II.

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, a plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

### A.     Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Plaintiff's official-capacity claim against Defendants are, therefore, actually claims against the County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

"[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326, (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a policy or custom in causing his alleged harm. His complaint appears to allege isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by the municipality, the complaint fails to establish a basis of liability against the County and fails to state a cognizable § 1983 claim against it.

Accordingly, the Court will dismiss Plaintiff's official-capacity claims.

**B.      Individual-capacity claim against Defendant Brown**

"'Deliberate indifference to serious medical needs of prisoners constitutes the

3

unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment,' and this includes 'indifference . . . manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.'" *Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).  Based on Plaintiff's allegations, the Court will allow his individual-capacity claim that Defendant Brown is violating his Eighth Amendment rights by refusing to treat his Crohn's disease and ulcerative colitis to proceed for further development.

### III.

For the reasons set forth above, and being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

All claims against **Defendant Louis Lawson** having been dismissed, the Clerk of Court is **DIRECTED** to **TERMINATE him as a party to this action.**

The Court will enter a separate Scheduling Order to govern the surviving individual-capacity claim against Defendant Brown.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Hardin County Attorney

4412.008