# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**ROBERT GEORGE HOLDER**  PLAINTIFF

v.  CIVIL ACTION NO. 3:10CV-P512-H

**LOUIS LAWSON** *et al.*  DEFENDANTS

## SCHEDULING ORDER

Plaintiff, Robert George Holder, a convicted inmate currently incarcerated at the Hardin County Detention Center (HCDC), filed this 42 U.S.C. § 1983 action alleging violations of his Eighth Amendment rights. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court allowed his individual-capacity claim that Defendant Brenda Brown is violating his Eighth Amendment rights by refusing to treat his Crohn's disease and ulcerative colitis to proceed. Accordingly,

**IT IS ORDERED** as follows:

(1) The Clerk of Court shall issue summons, and the United States Marshal shall serve a copy of the complaint and summons on **Defendant Brenda Brown** in accordance with Rule 4 of the Federal Rules of Civil Procedure. A copy of the complaint and this Scheduling Order shall also be served on the **Hardin County Attorney**.

(2) The answer to the complaint shall be filed no later than 21 days after service of summons. Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by Defendant's answer.

(3) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper

received by the Court which has not been filed with the Clerk or which fails to include a certificate of service **MAY BE DISREGARDED** by the Court.

    (4)    The parties shall complete all pretrial discovery herein no later than **December 27, 2010**. As a requirement of discovery, Defendant's counsel shall produce to Plaintiff all records or documentation which are relevant to the claim set forth in this complaint that has survived initial review. **Counsel shall certify that the production is complete and shall file the certification with the Court**. Within the same time, Plaintiff shall provide counsel for Defendant any records or documentation relevant to his remaining claim. **Plaintiff shall certify that production is complete and shall file the certification with the Court**. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

    (5)    This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

    (6)    No later than **January 26, 2011**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against Defendant.

    (7)    No later than **February 25, 2011**, Defendant shall file a pretrial memorandum. In

---

[1]The Court notes, however, that this action is exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision.").

lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendant may file any dispositive motions, including a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

(8) Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **February 25, 2011**.

(9) If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires. Any such motion to extend any time should indicate the reasons for extension. The Court will not grant an extension unless good cause is shown.

(10) Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk and to Defendant's counsel. *See* L.R. 5.2(d).

(11) Plaintiff is **WARNED** that his failure to notify the Clerk of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:

cc: Plaintiff, *pro se*
 Defendant Brown
 Hardin County Attorney
4412.008